# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDIE YARBROUGH,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>PRISCILLA MARIN, EDWIN GONZALEZ,<br><br>　　　　Defendants. | 1:17-cv-00185-BAM (PC)<br><br>SCREENING ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>(ECF No. 1)<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff Eddie Yarbrough ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to the jurisdiction of the Magistrate Judge. (ECF NO. 6.) Plaintiff initiated this action on February 10, 2017. Plaintiff's complaint, filed on February 10, 2017 (ECF No. 1), is currently before the Court for screening.

**I.　　Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

## II. Plaintiff's Allegations

Plaintiff is currently housed at California State Prison at Lancaster. Plaintiff brings suit against Correctional Officer P. Marin and Correctional Officer E. Gonzalez. The events at issue took place at North Kern State Prison.

Plaintiff alleges retaliation in Claim I as follows: On January 11, 2015, Defendant Gonzalez retaliated against Plaintiff by placing Plaintiff in administrative segregation without cause after Plaintiff criticized Correctional Officer Mesa as a "stupid C.O." because Mesa made fun of a mentally ill inmate. Plaintiff told Correctional Officer Mesa that Plaintiff would be a witness if a complaint were filed about his treatment of the inmate. Defendant Marin jointly

collaborated and participated in the violation by signing a fraudulent RVR (indecent exposure) that Gonzalez prepared.[1]

In Claim II, Plaintiff alleges cruel and unusual punishment as follows: Defendant Gonzalez had Plaintiff placed in ad-seg and prepared a fabricated cause in the documents. Defendant Marin signed off on the false documents under oath. Plaintiff alleges that this is a deliberate defamation of character and keeps his life in danger.

In Claim III, Plaintiff alleges a due process violation. Plaintiff alleges that due to Defendants Gonzalez and Marin's combined action, he was transferred to another prison and disciplined without witness testimony or being able to present evidence and assessed an additional 90 days which was added to his sentence.

Plaintiff alleges he has been harmed because of the rise in his point levels, he is labeled with a sex crime in his file, he has had death threats, has suicidal thoughts, depression and related health problems. Plaintiff seeks $65,000 against each defendant and punitive damages of $200,000 against each defendant.

## III. Deficiencies in Complaint

As discussed more fully below, Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim. Plaintiff will be given leave to amend his complaint. To assist Plaintiff in amending his complaint, the Court provides the following pleading and legal standards that apply to his claims.

### A. Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678

---

[1] Plaintiff alleges he filed 602 appeals, but Plaintiff believes Defendant Gonzalez intercepted the 602 because he is a sergeant and only sergeants have access to the appeals box. The failure to exhaust is an affirmative defense, and the defendants bear the burden of raising and proving the absence of exhaustion. Jones v. Bock, 549 U.S. 199, 216 (2007); Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014). "In the rare event that a failure to exhaust is clear on the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6)." Albino, 747 F.3d at 1166. For purposes of screening, the Court does not address whether Plaintiff properly exhausted his administrative remedies.

3

(citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*; see also Twombly, 550 U.S. at 556–557; Moss, 572 F.3d at 969.

Plaintiff's complaint does not clearly set forth the factual allegations underlying his claims. Plaintiff states conclusory allegations. Plaintiff fails to describe specific actions taken by each of the defendants named in his complaint which violated his constitutional rights. Plaintiff will be granted leave to amend his complaint. Plaintiff also omits necessary facts to enable the Court to determine whether Plaintiff states a cognizable claim against any of the named defendants. If Plaintiff elects to amend, he must state in clear and plain language the basis of his claim, including the facts (such as names, dates, and events) concerning what a defendant or defendants did or did not do that violated his constitutional rights. Plaintiff will be granted leave to amend his complaint. If Plaintiff elects to amend his complaint, he must set forth factual allegations against each named defendant sufficient to state a claim.

**B. Due Process-Rules Violation Report**

**1. Due Process in Disciplinary Hearings**

The requirements of due process are flexible and the procedural protections required are as the particular situation demands. Wilkinson v. Austin, 545 U.S. 209, 224 (2005). Inmates are entitled to certain due process considerations when subject to disciplinary sanctions. Brown v. Oregon Dept. of Corrections, 751 F.3d 983, 987 (9th Cir. 2014). If the inmate is subjected to a significantly sufficient hardship, "then the court must determine whether the procedures used to deprive that liberty satisfied Due Process." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003).

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). With respect to prison disciplinary proceedings, the minimum procedural requirements that must be met are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may

prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. Wolff, 418 U.S. at 563-71. In addition "[s]ome evidence" must support the decision of the hearing officer. Superintendent v. Hill, 472 U.S. 445, 455 (1985). The standard is not particularly stringent and the relevant inquiry is whether "there is any evidence in the record that could support the conclusion reached...." Id. at 455-56 (emphasis added).

Plaintiff alleges that he was transferred and his due process hearing was conducted at the transfer prison. It is unclear from Plaintiff's allegations whether he asked for the opportunity to call witnesses or present evidence and was denied or what kind of hearing was provided on the RVR. Leave to amend will be granted.

### 2. Claim Possibly Heck Barred

Plaintiff alleges that as a result of the RVR, an additional 90 days was added to his sentence. Plaintiff is informed that it has long been established that state prisoners cannot challenge the fact or duration of their confinement in a section 1983 action and their sole remedy lies in habeas corpus relief. Wilkinson v. Dotson, 544 U.S. 74, 78 (2005). Often referred to as the favorable termination rule or the Heck bar, this exception to section 1983's otherwise broad scope applies whenever state prisoners "seek to invalidate the duration of their confinement- either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody." Wilkinson, 544 U.S. at 81; Heck v. Humphrey, 512 U.S. 477, 482, 486-487 (1994); Edwards v. Balisok, 520 U.S. 641, 644 (1997). Thus, "a state prisoner's [section] 1983 action is barred (absent prior invalidation)-no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)-if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Id. at 81-82.

It is unclear if Plaintiff's seeks invalidation of the 90-days added to Plaintiff's sentence. It is possible that this particular claim may be barred by Heck v. Humpreys, 512 U.S. 477 (1994). Compare Edwards v. Balisok, 520 U.S. 641, 646 (1987) (holding that § 1983 claim is not cognizable because allegations of procedural defects and a biased hearing officer implied the invalidity of the underlying prison disciplinary sanction of loss of good-time credits) with Ramirez v. Galaza, 334 F.3d 850, 858 (9th. Cir. 2003) (holding that the favorable termination rule of Heck and Edwards does not apply to challenges to prison disciplinary hearings where the administrative sanction imposed does not affect the overall length of confinement and, thus, does not go to the heart of habeas). Plaintiff alleges that he was subjected to a disciplinary proceeding that was based on false information, and that he was subjected to a hearing in which proper procedures were not followed, resulting in the three months added toward his sentence. A judgment in favor of plaintiff on his claim will necessarily imply the invalidity of the disciplinary action, and plaintiff has not demonstrated that the disciplinary action has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." See e.g., Cox v. Clark, 321 Fed.Appx. 673, 676 (9th Cir. 2009) (affirming dismissal of due process claim pursuant to Balisok to the extent that plaintiff sought restoration of good-time credits and the reversal of a disciplinary decision); McCoy v. Spidle, 2009 WL 1287872, *7-*8 (E.D. Cal. May 6, 2009) ("A challenge under section 1983, seeking only damages and declaratory relief for procedural due process violations is also barred if the nature of the challenge would necessarily imply the invalidity of the deprivation of good-time credits."). Plaintiff will be granted leave to amend the claim and remedy he is seeking.

### 3. False Evidence/False RVR

To the extent Plaintiff contends that the rules violation report for indecent exposure was false, such claims likewise fails to give rise to a due process violation. Plaintiff is advised that the issuance of a false RVR or false crime report does not, in and of itself, support a claim under section 1983. See, e.g., Ellis v. Foulk, No. 14-cv-0802 AC P, 2014 WL 4676530, at *2 (E.D. Cal. Sept. 18, 2014) ("Plaintiff's protection from the arbitrary action of prison officials lies in 'the

procedural due process requirements as set forth in Wolff v. McDonnell.' ") (citing Hanrahan v. Lane, 747 F.2d 1137, 1140 (7th Cir. 1984)); Solomon v. Meyer, No. 11-cv-02827-JST (PR), 2014 WL 294576, at *2 (N.D. Cal. Jan. 27, 2014) ("[T]here is no constitutionally protected right to be free from false disciplinary charges.") (citing Chavira v. Rankin, No. C 11-5730 CW (PR), 2012 WL 5914913, at *1 (N.D. Cal. Nov. 26, 2012) ("The Constitution demands due process, not error-free decision-making.")); Johnson v. Felker, No. 1:12-cv-02719 GEB KJN (PC), 2013 WL 6243280, at *6 (E.D. Cal. Dec. 3, 2013) ("Prisoners have no constitutionally guaranteed right to be free from false accusations of misconduct, so the mere falsification of a [rules violation] report does not give rise to a claim under section 1983.") (citing Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989) and Freeman v. Rideout, 808 F.2d 949, 951-53 (2d. Cir. 1986)). Accordingly, Plaintiff fails to state a cognizable due process claim.

**C. Conditions of Confinement**

The Eighth Amendment "embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). Conditions of confinement may, however, be harsh and restrictive. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id. Mere verbal harassment or abuse alone is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983. Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987).

It is unclear from the allegations whether Plaintiff is seeking to allege an Eighth Amendment conditions of confinement claim. Plaintiff will be granted leave to amend.

**D. First Amendment - Retaliation**

The First Amendment prohibits government officials from "abridging the freedom of speech...or the right of the people peaceably to assemble." Prisoners retain those First Amendment rights not inconsistent with their status as prisoners or with legitimate penological objectives of the corrections system. See Pell v. Procunier, 417 U.S. 817, 822 (1974). Although a prisoner does not lose all First Amendment protections when he enters prison, id., the "inmate's 'status as a prisoner' and the operational realities of a prison dictate restrictions on the associational rights among inmates." Jones v. North Carolina Prisoners' Labor Union, Inc., 433 U.S. 119, 125-26 (1977).

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567–68 (9th Cir. 2005).

Plaintiff fails to allege he was engaged in constitutionally protected conduct. To the extent Plaintiff alleges that he was engaged in protected activity when he told Officer Mesa that Plaintiff would be a witness against him, it is unclear from the allegations if Defendant Gonzales or Marin knew of his statement. Further, Plaintiff does not allege that he was chilled in exercise of First Amendment rights.

Plaintiff also seems to allege that he was transferred to a different prison for some protected conduct based on Defendants Gonzalez's and Marin's decision to transfer Plaintiff following asserted misconduct by Plaintiff. Plaintiff's conclusory allegation is not sufficient to demonstrate that Defendants initiated Plaintiff's transfer because of any constitutionally protected conduct. Plaintiff also fails to adequately allege that the transfer did not reasonably

advance a legitimate correctional goal. Plaintiff will be given leave to cure the deficiencies in this claim to the extent he is able to do so in good faith.

Plaintiff is informed that he does not have a constitutional right to be housed in or transferred to a particular prison. The U.S. Supreme Court has specifically held that a transfer to a different prison does not implicate a liberty interest, and thus does not implicate the Due Process clause. Meachum v. Fano, 427 U.S. 215, 224–25 (1976); Anderson v. Deleon, Case No. C 12–6055 SI PR, 2013 WL 892276, at *5 (N.D. Cal. Mar. 8, 2013) ("Loss of a prison job, assigning an inmate to a prison far from his family and friends, and the like, which result from interprison transfers, are not constitutionally protected interests."), citing Olim v. Wakinekona, 461 U.S. 238, 247 (1983); Rizzo v. Dawson, 778 F.2d 527, 530 (9th Cir.1985) ("An inmate's liberty interests are sufficiently extinguished by his conviction so that the state may change his place of confinement even though the degree of confinement may be different and prison life may be more disagreeable in one institution than in another.") Plaintiff cannot state a first amendment claim merely because he was transferred to a less desirable prison without any hearing.

**IV.     State Claims**

Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c). The Supreme Court has cautioned that "if the federal claims are dismissed before trial, ... the state claims should be dismissed as well." United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966). Although the court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. See 28 U.S.C. § 1367.

In this instance, Plaintiff fails to state a claim for relief on his federal claims for violations of 42 U.S.C. § 1983. Liberally construing the claims in the complaint, it appears that Plaintiff is bringing state law claims for defamation. As Plaintiff has failed to state any cognizable federal claims in this action, the Court declines to exercise supplemental jurisdiction

over Plaintiff's state law causes of action. See 28 U.S.C. § 1367(c)(3). The Court recommends that Plaintiff's state law claims be dismissed without prejudice.

### Conclusion and Order

For the above reasons, Plaintiff's complaint fails state a claim upon which relief may be granted under section 1983. The Court will provide Plaintiff with an opportunity to amend his complaint to cure the identified deficiencies to the extent he is able to do so in good faith. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. at 676. Plaintiff also must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his second amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey, 693 F.3d at 927. Therefore, Plaintiff's second amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Plaintiff's amended complaint, filed February 10, 2017 (ECF No. 1), is dismissed for failure to state a claim;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a first amended complaint or a notice of voluntary dismissal; and

///
///
///
///
///

4. **If Plaintiff fails to file an amended complaint in compliance with this order, the Court will dismiss this action, with prejudice, for failure to state a claim and to obey a court order**.

IT IS SO ORDERED.

Dated: **September 26, 2017**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE