# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDIE YARBROUGH,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MARIN, et al.,<br><br>　　　　Defendants. | Case No. 1:17-cv-00185-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM, FAILURE TO OBEY A COURT ORDER, AND FAILURE TO PROSECUTE<br><br>(ECF No. 12)<br><br>**FOURTEEN (14) DAY DEADLINE** |

## I. Background

Plaintiff Eddie Yarbrough ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On December 6, 2017, the Court issued a screening order granting Plaintiff leave to file an amended complaint within thirty (30) days. (ECF No. 12.) The Court expressly warned Plaintiff that the failure to file an amended complaint in compliance with the Court's order would result in a recommendation for dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim. (Id. at 13.) Plaintiff's second amended complaint was due on or before January 8, 2018. Plaintiff has failed to file an amended complaint or otherwise

1

communicate with the Court.

**II.     Failure to State a Claim**

   **A.     Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

   **B.     Plaintiff's Allegations**

Plaintiff is currently housed at California State Prison, Los Angeles County, in Lancaster, California. Plaintiff brings suit against Correctional Officer P. Marin and Correctional Officer E. Gonzalez. The events at issue took place at North Kern State Prison ("KVSP").

Plaintiff's first claim is for a Due Process violation of the Fourteenth Amendment. Plaintiff alleges that the RVR 115 on January 11, 2015 from Defendant Marin and Defendant

Gonzalez resulted in his immediate transfer to another prison. The RVR hearing was held at the California Men's Colony State Prison even though the RVR occurred at KVSP. Plaintiff alleges that his guilty finding on the RVR was fundamentally unfair because Plaintiff was not given the chance to call his key witness, his cellmate, who had given straight answers to the investigative employee for the I.E. report. He was not allowed to present any evidence. Plaintiff alleges he was given a SHU terms and held in segregated housing for 30 days with loss of good time credits and denied work privileges.[1]

In Claim II, Plaintiff alleges cruel and unusual punishment as follows. Defendant Gonzalez and Defendant Marin fabricated the RVR for indecent exposure with masturbation. They acted with deliberate indifference that exposed Plaintiff to psychological harm and physical harm. Plaintiff alleges that the RVR resulted in physical harm in that at CCI-Tehachapi on May 1, 2017, two inmates jumped Plaintiff for having an IEX on his records. These inmates received the RVR information from other CCI-Tehachapi correctional officers as soon as Plaintiff got to CCI-Tehachapi. Plaintiff was then immediately transferred out of CCI-Tehachapi. The RVR in his file means a safety risk and future risk of injury when others learn of the RVR. The District Attorney originally charged plaintiff under the RVR and the trial ended in a hung jury. The District Attorney dismissed the charges when Plaintiff said he wanted to call his witness (former cell mate) Valesquez. Defendant Gonzalez fabricated the RVR and retaliated against Plaintiff after Defendant Gonzalez overheard Plaintiff criticize Correctional Officer Mesa as a "stupid" because Mesa made fun of a mentally ill inmate. Defendant Marin joined in the falsity by signing the fraudulent RVR under oath and testifying under oath at the trial on the RVR.

Plaintiff alleges he has been harmed because he has received death threats from inmates and was jumped by inmates, resulting in physical injuries, and also has psychological harm and suicidal thoughts, depression and related health problems. Plaintiff seeks $270,000 against each

---

[1] Plaintiff alleges he filed 602 appeals, but Plaintiff believes Officer Mesa intercepted the 602 because it involved staff misconduct. The failure to exhaust is an affirmative defense, and the defendants bear the burden of raising and proving the absence of exhaustion. Jones v. Bock, 549 U.S. 199, 216 (2007); Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014). "In the rare event that a failure to exhaust is clear on the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6)." Albino, 747 F.3d at 1166. For purposes of screening, the Court does not address whether Plaintiff properly exhausted his administrative remedies.

defendant and punitive damages of $175,000 against each defendant.

**C.  Discussion**

    **1.  Due Process – Rules Violation Report**

        **a.  Due Process in Disciplinary Hearings**

The requirements of due process are flexible and the procedural protections required are as the particular situation demands. Wilkinson v. Austin, 545 U.S. 209, 224 (2005). Inmates are entitled to certain due process considerations when subject to disciplinary sanctions. Brown v. Oregon Dept. of Corrections, 751 F.3d 983, 987 (9th Cir. 2014). If the inmate is subjected to a significantly sufficient hardship, "then the court must determine whether the procedures used to deprive that liberty satisfied Due Process." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003).

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). With respect to prison disciplinary proceedings, the minimum procedural requirements that must be met are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. Wolff, 418 U.S. at 563-71. In addition "[s]ome evidence" must support the decision of the hearing officer. Superintendent v. Hill, 472 U.S. 445, 455 (1985). The standard is not particularly stringent and the relevant inquiry is whether "there is any evidence in the record that could support the conclusion reached . . . ." Id. at 455–56 (emphasis added).

Plaintiff alleges that he was transferred and his due process hearing was conducted at the transfer prison. Plaintiff does not have a constitutional right to have his due process hearing conducted at the originating prison. As long as the minimal procedures required in Wolff are present, Due Process is satisfied.

4

Plaintiff alleges Due Process was violated because he did not have the opportunity to call in his key witness, cellmate Velasquez. Plaintiff alleges that witness Velasquez was interviewed by the investigative employee and gave a statement to the investigator which was in the investigator's report to the hearing officer. Due Process does not require that Plaintiff's witnesses physically appear at a RVR hearing, as long as the witness's statement is presented. In Wolff, the Supreme Court stated that witness should be called when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals. There are occasions where security interests of the institution may justify the decision not to call witnesses but to find other means to take their testimony such as through interviews or written statements. Brown v. Braxton, 373 F.3d 501 (4th Cir. 2004) (holding that corrections officers have discretion in denying requests to call another inmate as a live witness when they believe there are legitimate penological interests served). See, e.g., Espinoza v. Peterson, 283 F.3d 949 (8th Cir. 2002) (prison officials' refusal to transport prisoner who allegedly was involved in a fight with inmate to testify at inmate's disciplinary hearing did not violate inmate's right to procedural due process where transferring witness would have been an obvious security risk.) In Fitzgerald v. Procunier, 393 F. Supp. 335, 340 (N.D. Cal. 1975), the plaintiff claimed that his Due Process rights were violated because he was not permitted to call his witnesses. The plaintiff's investigator, a staff member, reported, albeit briefly, that plaintiff's witnesses had indeed corroborated his story. The RVR committee declined to hear the plaintiff's witnesses and chose to believe the victims who had positively identified him as an attacker. The court in Fitzgerald, while acknowledging that the plaintiff's witnesses would have made a greater impact if they had appeared personally, nonetheless upheld the disciplinary procedure and did not find a Due Process violation.[2]

Here, Plaintiff is alleging that his witness should have been personally present at the RVR hearing. Due Process does not require that each witness be personally present at the hearing.

Plaintiff alleges he was not allowed to present "any evidence," but this allegation is conclusory. Due Process does not require in a disciplinary proceeding that a prisoner be allowed

---

[2] The Wolff factors did not apply to the disciplinary action at issue as that disciplinary action predated Wolff. The court nonetheless considered the plaintiff's claim "that his inability to present witnesses prevented him from presenting his case in a meaningful way." Fitzgerald, 393 F.Supp. at 340.

a full-fledged criminal defense, but merely some minimal defense. All that is required to satisfy Due Process is the hearing be conducted according to the Wolff factors.

### b. False Evidence/False RVR

To the extent Plaintiff contends that the rules violation report for indecent exposure was false, such claim likewise fails to give rise to a Due Process violation. The issuance of a false RVR or false crime report does not, in and of itself, support a claim under section 1983. See, e.g., Ellis v. Foulk, No. 14-cv-0802 AC P, 2014 WL 4676530, at *2 (E.D. Cal. Sept. 18, 2014) ("Plaintiff's protection from the arbitrary action of prison officials lies in 'the procedural due process requirements as set forth in Wolff v. McDonnell.'") (citing Hanrahan v. Lane, 747 F.2d 1137, 1140 (7th Cir. 1984)); Solomon v. Meyer, No. 11-cv-02827-JST (PR), 2014 WL 294576, at *2 (N.D. Cal. Jan. 27, 2014) ("[T]here is no constitutionally protected right to be free from false disciplinary charges.") (citing Chavira v. Rankin, No. C 11-5730 CW (PR), 2012 WL 5914913, at *1 (N.D. Cal. Nov. 26, 2012) ("The Constitution demands due process, not error-free decision-making.")); Johnson v. Felker, No. 1:12-cv-02719 GEB KJN (PC), 2013 WL 6243280, at *6 (E.D. Cal. Dec. 3, 2013) ("Prisoners have no constitutionally guaranteed right to be free from false accusations of misconduct, so the mere falsification of a [rules violation] report does not give rise to a claim under section 1983.") (citing Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989) and Freeman v. Rideout, 808 F.2d 949, 951–53 (2d. Cir. 1986)). Accordingly, Plaintiff fails to state a cognizable due process claim.

The Ninth Circuit, however, has recognized "a clearly established constitutional due process right not to be subjected to criminal charges on the basis of false evidence that was deliberately fabricated by the government." Devereaux v. Abbey, 263 F.3d 1070, 1074–75 (9th Cir. 2001); see also Costanich v. Dep't of Soc. & Health Servs., 627 F.3d 1101, 1111–12 (9th Cir. 2010) (relying on Devereaux to hold that a state investigator "who deliberately mischaracterizes witness statements in her investigative report also commits a constitutional violation"). To state such a claim, Plaintiff must point to evidence that supports at least one of the following two propositions: "(1) Defendants continued their investigation of [Plaintiff] despite the fact that they knew or should have known that he was innocent; or (2) Defendants used investigative techniques

that were so coercive and abusive that they knew or should have known that those techniques would yield false information." Devereaux, 263 F.3d at 1076 (citation omitted). "The Devereaux test envisions an investigator whose unlawful motivation is illustrated by her state of mind regarding the alleged perpetrator's innocence, or one who surreptitiously fabricates evidence by using coercive investigative methods." Costanich, 627 F.3d at 1111. "These are circumstantial methods of proving deliberate falsification." Id. To establish a substantive due process violation, "a plaintiff must show both a deprivation of liberty and conscience shocking behavior by the government." Brittain v Hansen, 451 F.3d 982, 991 (9th Cir. 2006) (footnote omitted). The Ninth Circuit has held that in the context of a § 1983 suit against police officers for a due process violation, official conduct "shocks the conscience" when the officer "either consciously or through complete indifference disregards the risk of an unjustified deprivation of liberty." Tatum v. Moody, 768 F.3d 806, 820–21 (9th Cir. 2014).

To the extent Plaintiff intends to pursue a claim in relation to his state court criminal proceedings, Plaintiff fails to state a cognizable claim. Plaintiff fails to allege sufficient facts to satisfy Devereaux. In order to state a claim for a violation of Due Process for the criminal charges, Plaintiff must allege an investigator whose unlawful motivation is illustrated by her state of mind regarding the alleged perpetrator's innocence, or one who surreptitiously fabricates evidence by using coercive investigative methods. Plaintiff must also allege that he was deprived of a liberty interest without Due Process. Here, Plaintiff was exonerated of the charges and not subjected to additional punishment as a result of the criminal charges.

To the extent Plaintiff's state criminal proceedings have concluded, the Court notes that state prisoners cannot challenge the fact or duration of their confinement in a § 1983 action. Their sole remedy lies in habeas corpus relief. Wilkinson v. Dotson, 544 U.S. 74, 78 (2005).

### c. False RVR Claim Possibly Heck-Barred

It has long been established that state prisoners cannot challenge the fact or duration of their confinement in a section 1983 action and their sole remedy lies in habeas corpus relief. Wilkinson v. Dotson, 544 U.S. 74, 78 (2005). Often referred to as the favorable termination rule or the Heck bar, this exception to section 1983's otherwise broad scope applies whenever state

7

prisoners "seek to invalidate the duration of their confinement-either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody." Wilkinson, 544 U.S. at 81; Heck v. Humphrey, 512 U.S. 477, 482, 486–87 (1994); Edwards v. Balisok, 520 U.S. 641, 644 (1997). Thus, "a state prisoner's [section] 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Id. at 81–82.

It is unclear if Plaintiff seeks invalidation the "loss of good time credits" to Plaintiff's sentence or reversal of his RVR conviction. This particular claim may be barred by Heck v. Humpreys, 512 U.S. 477 (1994). Compare Edwards v. Balisok, 520 U.S. 641, 646 (1987) (holding that § 1983 claim is not cognizable because allegations of procedural defects and a biased hearing officer implied the invalidity of the underlying prison disciplinary sanction of loss of good-time credits) with Ramirez v. Galaza, 334 F.3d 850, 858 (9th. Cir. 2003) (holding that the favorable termination rule of Heck and Edwards does not apply to challenges to prison disciplinary hearings where the administrative sanction imposed does not affect the overall length of confinement and, thus, does not go to the heart of habeas). Plaintiff alleges that he was subjected to a disciplinary proceeding that was based on false information, and that he was subjected to a hearing in which proper procedures were not followed, resulting in the loss of good time credits. A judgment in favor of Plaintiff on his claim will necessarily imply the invalidity of the disciplinary action, and Plaintiff has not demonstrated that the disciplinary action has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." See e.g., Cox v. Clark, 321 Fed. Appx. 673, 676 (9th Cir. 2009) (affirming dismissal of due process claim pursuant to Balisok to the extent that plaintiff sought restoration of good-time credits and the reversal of a disciplinary decision); McCoy v. Spidle, 2009 WL 1287872, *7–*8 (E.D. Cal. May 6, 2009) ("A challenge under section 1983, seeking only damages and declaratory relief for procedural due process violations is also barred if the

nature of the challenge would necessarily imply the invalidity of the deprivation of good-time credits.").

### 2. Failure to Protect

Plaintiff alleges that he was injured ("jumped") when he was moved to another institution and inmates there found out about the RVR for indecent exposure.

The Eighth Amendment "embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). Conditions of confinement may, however, be harsh and restrictive. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

Prison officials have a duty under the Eighth Amendment to protect prisoners from violence at the hands of other prisoners because being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society. Farmer, 511 U.S. at 833–34 (quotation marks omitted); Clem v. Lomeli, 566 F.3d 1177, 1181 (9th Cir. 2009); Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). However, prison officials are liable under the Eighth Amendment only if they demonstrate deliberate indifference to conditions posing a substantial risk of serious harm to an inmate; and it is well settled that deliberate indifference occurs when an official acted or failed to act despite his knowledge of a substantial risk of serious harm. Farmer, 511 U.S. at 834, 841 (quotations omitted); Clem, 566 F.3d at 1181; Hearns, 413 F.3d at 1040. To sufficiently state a failure to protect claim, a plaintiff must allege facts "to show that defendants knew of any threats to his safety or deviated from professional standards by disregarding known unsafe conditions." Cranford v. Ahlin, 610 F. App'x 714, 714

(9th Cir. 2015)

To the extent Plaintiff is alleging that Defendant Gonzalez and Defendant Marin failed to protect him from violence at the hands of other inmates, his claim fails. Plaintiff fails to allege sufficient facts establishing the defendants knew of any threats to Plaintiff's safety at the other institution, or even that there were specific threats to his safety. There are no allegations that these defendants knew Plaintiff would be moved to another institution, that other correctional officers at that new institution would disclose Plaintiff's RVR to other inmates, or that other inmates would jump Plaintiff. Plaintiff fails to state facts showing the defendants (1) knew of a particular threat to Plaintiff's safety before any incident, or (2) "deviated from professional standards by disregarding known unsafe conditions."

### 3. First Amendment – Retaliation

The First Amendment prohibits government officials from "abridging the freedom of speech . . . or the right of the people peaceably to assemble." Prisoners retain those First Amendment rights not inconsistent with their status as prisoners or with legitimate penological objectives of the corrections system. See Pell v. Procunier, 417 U.S. 817, 822 (1974). Although a prisoner does not lose all First Amendment protections when he enters prison, id., the "inmate's 'status as a prisoner' and the operational realities of a prison dictate restrictions on the associational rights among inmates." Jones v. N.C. Prisoners' Labor Union, Inc., 433 U.S. 119, 125–26 (1977).

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567−68 (9th Cir. 2005).

10

Plaintiff fails to allege he was engaged in constitutionally protected conduct. Plaintiff alleges that he was engaged in protected activity when he told Officer Mesa that Officer Mesa was stupid for making fun of mentally ill inmate and that Mesa's job could be in jeopardy. This allegation fails to state any protected conduct, and Plaintiff does not allege that he was chilled in exercise of First Amendment rights.

Plaintiff also seems to allege that he was transferred to a different prison based on Defendants Gonzalez's and Marin's decision to transfer Plaintiff following asserted misconduct by Plaintiff. Plaintiff's conclusory allegation is not sufficient to demonstrate that Defendants initiated Plaintiff's transfer because of any constitutionally protected conduct.

Plaintiff does not have a constitutional right to be housed in or transferred to a particular prison. The Supreme Court has specifically held that a transfer to a different prison does not implicate a liberty interest, and thus does not implicate the Due Process clause. Meachum v. Fano, 427 U.S. 215, 224–25 (1976); Anderson v. Deleon, Case No. C 12–6055 SI PR, 2013 WL 892276, at *5 (N.D. Cal. Mar. 8, 2013) ("Loss of a prison job, assigning an inmate to a prison far from his family and friends, and the like, which result from interprison transfers, are not constitutionally protected interests."), citing Olim v. Wakinekona, 461 U.S. 238, 247 (1983); Rizzo v. Dawson, 778 F.2d 527, 530 (9th Cir. 1985) ("An inmate's liberty interests are sufficiently extinguished by his conviction so that the state may change his place of confinement even though the degree of confinement may be different and prison life may be more disagreeable in one institution than in another.") Plaintiff cannot state a first amendment claim merely because he was transferred to a less desirable prison without any hearing.

### III. Failure to Prosecute and Failure to Obey a Court Order

#### A. Legal Standard

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." Thompson v. Hous. Auth., 782 F.2d 829, 831 (9th Cir. 1986). A

court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Malone v. U.S. Postal Serv., 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).

**B.     Discussion**

Here, Plaintiff's second amended complaint is overdue, and he has failed to comply with the Court's orders. The Court cannot effectively manage its docket if Plaintiff ceases litigating his case. Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air W., 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 at 132–33; Henderson, 779 F.2d at 1424. The Court's December 6, 2017 screening order expressly warned Plaintiff that his failure to file an amended complaint would result in dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a

claim. (ECF No. 12 at 13.) Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance.

Additionally, at this stage in the proceedings there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Plaintiff is proceeding in forma pauperis in this action, making monetary sanctions of little use, and the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating his case.

## IV.     **Conclusion and Recommendation**

Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a district judge to this action.

Further, the Court finds that dismissal is the appropriate sanction and HEREBY RECOMMENDS that this action be dismissed, with prejudice, for failure to state a claim pursuant to 28 U.S.C. § 1915A, for failure to obey Court orders, and for Plaintiff's failure to prosecute this action.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **January 19, 2018**                         /s/ *Barbara A. McAuliffe*
                                                                                UNITED STATES MAGISTRATE JUDGE